UNITED STATES DISTRICT COURT     EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| MICHAEL JASON SHELTON, | § |
| Movant, | § |
| versus | §    CIVIL ACTION NO. 1:22-CV-299 |
| UNITED STATES OF AMERICA, | § |
| Respondent. | § |

### MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Michael Jason Shelton, an inmate confined within the Bureau of Prisons, through counsel, filed this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. Movant challenges a conviction for being an accessory after the act to murder, which resulted in a sentence of 180 months of imprisonment.

The court previously referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, for consideration pursuant to applicable laws and orders of this court. The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge recommending the motion to vacate be denied.

The court has received the Report and Recommendation, along with the record, pleadings, and all available evidence. Movant filed objections. The court must therefore conduct a *de novo* review of the objections in relation to the pleadings and the applicable law.

Movant argued his counsel was ineffective for: (a) recommending he plead guilty to an offense for which the statute of limitations had expired; (b) failing to object to the court participating in plea discussions and (c) failing to interview potential witnesses.

Movant was charged with three offenses in the second superseding indictment, including first degree murder. He asserted the first degree murder charge was not asserted until after the applicable statute of limitations had expired. Relying on 18 U.S.C. § 3281, which provides that "an indictment punishable by death may be found at any time without limitation," and 18 U.S.C. § 1111, which provides that a person convicted of first degree murder shall be punished by life imprisonment or death, the magistrate judge concluded the first degree murder charge was not barred by limitations.

In his objections, movant states that in order for the prosecution to have asked for the death penalty to be imposed, it would have had to first obtain permission from the United States Attorney General. Movant correctly asserts that permission was not sought in this case. As a result, he contends the magistrate judge's conclusion seemed to be based on a misunderstanding of the preliminary actions required before the death penalty could be sought.

Section 3281 applies so long as the death penalty *could* be imposed as a result of the conviction. *United States v. Harvel*, 115 F.4th 714, 724 (6th Cir. 2024); *United States v. Murphy*, 100 F.4th 1184, 1206 (10th Cir. 2024); *United States v. Ealy*, 363 F.3d 292, 296 (4th Cir. 2004). As a result, the magistrate judge correctly concluded the first degree murder charge was not barred by limitations.

With respect to his second ground for review, movant contends an evidentiary hearing is needed to determine what was discussed during an in-chambers hearing. During the Final Pretrial Hearing, the prosecutor stated the government had offered to allow movant to plead guilty and receive a sentence of 150 months of imprisonment. The prosecutor and defense counsel stated that the court had rejected this offer. Further, at sentencing, movant asserted that in chambers the

court stated it would not accept a proposed plea agreement and would sentence movant within the range provided for in the United States Sentencing Guidelines. Movant's counsel stated he did not agree with this description of the discussion in chambers and the court stated movant's rendition of the discussion in chambers was incorrect.

In concluding this ground for review was without merit, the magistrate judge observed that the statements at the Final Pretrial Hearing demonstrated no more than that the court had rejected a plea agreement, without indicating any suggestion as to what would constitute an acceptable plea agreement. With respect to the statement made by movant at sentencing, the magistrate judge observed movant was not present in chambers to hear what was said and that the statement attributed to the court related to sentencing rather than to what type of plea agreement would have been acceptable to the court.

In his objections, movant states an evidentiary hearing is required in order to determine what was said in chambers. An evidentiary hearing is not required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). A movant "is entitled to an evidentiary hearing on his § 2255 motion only if he presents 'independent indicia of the likely merit of [his] allegations.'" *United States v. Reed*, 719 F.3d 369, 373(5th Cir. 2013) (citation omitted).

Federal Rule of Criminal Procedure 11(c) prohibits a district court from participation in, or interference with, the plea-negotiation process. *United States v. Crowell*, 60 F.3d 199, 203 (5th Cir. 1995). While a court is required to evaluate a plea agreement, it may not suggest an appropriate accommodation for a subsequent plea agreement. *United States v. Caldwell*, 60 F.3d 199, 204 (5th Cir. 1995).

Movant has not shown he is entitled to an evidentiary hearing. His allegations show no more than that the court rejected a proposed plea agreement and may have made a comment regarding application of the Guidelines at sentencing. Further, movant's contention that the court stated it would sentence movant within the applicable range under the Guidelines is not based on his own first-hand knowledge. As the allegations do not show improper participation in plea negotiations, the motion, files and records concerning his case show movant is not entitled to relief.

With respect to the final ground for review, the magistrate judge stated movant had only identified one potential witness defense counsel failed to interview to support a defense based on duress. The magistrate judge concluded that as movant had not provided a statement from this individual, shown the proposed witness would have been available and willing to testify, or demonstrated the proposed testimony would have been favorable to a defense based on duress, this ground for review did not provide movant with a basis for relief.

In his objections, movant reasserts that counsel failed to interview witnesses to establish a duress defense. However, the magistrate judge correctly concluded movant failed to satisfy the requirements, established in *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009), applicable to claims of ineffective assistance of counsel based on uncalled witnesses.

## ORDER

Accordingly, movant's objections (#10) to the Report and Recommendation are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge (#7) is **ADOPTED**. An appropriate final judgment will be entered.

Furthermore, the court is of the opinion movant is not entitled to a certificate of appealability in this matter. An appeal from a judgment denying post-conviction collateral relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for issuing a certificate of appealability requires the movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the movant need not establish that he would prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the movant, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

In this case, the movant has not shown that the issue of whether he is entitled to relief is subject to debate among jurists of reason. The factual and legal questions raised by movant have been consistently resolved adversely to his position and the questions presented are not worthy of encouragement to proceed further. As a result, a certificate of appealability shall not issue in this matter.

SIGNED at Beaumont, Texas, this 14th day of July, 2025.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE